UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS FRANCISCO SOUSA, | No. 2:19-cv-0779 DB |
| Plaintiff, | |
| v. | ORDER |
| ANDREW SAUL, Commissioner of Social Security,[1] | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[2] Plaintiff argues that the Administrative Law Judge's treatment of the medical opinion evidence constituted error. For the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

---

[1] Andrew Saul became the Commissioner of the Social Security Administration on June 17, 2019. See https://www.ssa.gov/agency/commissioner.html (last visited by the court on July 30, 2019). Accordingly, Andrew Saul is substituted in as the defendant in this action. See 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See ECF Nos. 7 & 8.)

1

# PROCEDURAL BACKGROUND

In August of 2015, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"), alleging disability beginning on July 1, 2014. (Transcript ("Tr.") at 15, 195-96.) Plaintiff's alleged impairments included back injury and chronic pain. (Id. at 85.) Plaintiff's application was denied initially, (id. at 114-17), and upon reconsideration. (Id. at 122-26.) Plaintiff requested an administrative hearing and a hearing was held before an Administrative Law Judge ("ALJ") on January 11, 2018. (Id. at 47-84.) Plaintiff was represented by a non-attorney representative and testified at the administrative hearing. (Id. at 49-51.)

In a decision issued on May 2, 2018, the ALJ found that plaintiff was not disabled. (Id. at 33.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2019.
>
> 2. The claimant has not engaged in substantial gainful activity (SGA) since July 1, 2014, the alleged onset date (20 CFR 404.1571 *et seq*.).
>
> 3. The claimant has the following severe impairments: degenerative disc disease (DDD) and myofascial pain syndrome (20 CFR 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except with the ability to stand and/or walk for 4 hours in an 8-hour workday, and occasional postural maneuvers such as stooping, crouching and crawling.
>
> 6. The claimant is capable of performing his past relevant work as a district manager. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

////

////

////

> 7. The claimant has not been under a disability, as defined in the Social Security Act, from July 1, 2014, through the date of this decision (20 CFR 404.1520(f)).

(Id. at 17-33) (citations to exhibits omitted).

On March 15, 2019, the Appeals Council denied plaintiff's request for review of the ALJ's May 2, 2018 decision. (Id. at 1-5.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on May 2, 2019. (ECF No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.

3

> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff's pending motion asserts that the ALJ's treatment of the medical opinion evidence constituted error.  (Pl.'s MSJ (ECF No. 17) at 4-15.[3])  The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or non-examining health professionals.  Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989).  "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ."  Lester, 81 F.3d at 830.  This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual.  Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).

The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record.  Lester, 81 F.3d at 830-31.  "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician."  (Id. at 831.)  Finally, although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not

---

[3]  Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

4

accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)).

**A.     Dr. Kevin Cheng, M.D.**

Plaintiff first challenges the ALJ's treatment of the opinion offered by Dr. Kevin Cheng, plaintiff's treating physician. (Pl.'s MSJ (ECF No. 17) at 10-14.) On October 24, 2016, Dr. Cheng completed a Lower Extremity Residual Functional Capacity Questionnaire. (Tr. at 1382-86.) The ALJ acknowledged Dr. Cheng's opinion, stating in relevant part:

> In a lower extremity RFC questionnaire dated October 24, 2016, treating physician Dr. Kevin Cheng stated that the length of contact was about four months. The diagnoses were chronic pain, facet arthrosis, disc degeneration, and neuropathic pain. The prognosis was fair. The findings included limited range of motion, pain on palpation and movement, paresthesia, and changes on x-rays. Dr. Cheng stated that the claimant's pain was frequently severe enough to interfere with attention and concentration needed to perform even simple tasks. He stated that the claimant was able to walk two blocks without rest or severe pain. Dr. Cheng stated that the earliest date that the above description of symptoms and limitations applies as of September 2015.

(Id. at 27) (citations omitted).

The ALJ afforded Dr. Cheng's opinion only "partial weight[.]" (Id.) One reason given for affording Dr. Cheng's opinion only partial weight was that "Dr. Cheng did not complete the function-by-function assessment and acknowledged he was not set up to do so." (Id.) In fact, Dr. Cheng specifically requested that plaintiff be referred "to a provider who can perform these tests/exams." (Id. at 1385.) In this regard, Dr. Cheng failed to opine as to plaintiff's ability to complete various functional tasks, such as how long plaintiff could stand at one time, or how much weight plaintiff could carry. This would seem to be a specific and legitimate reason for rejecting Dr. Cheng's opinion that plaintiff could only walk two blocks.

However, as the ALJ acknowledged, Dr. Cheng also opined that plaintiff's pain was "severe enough to interfere with attention and concentrations needed to perform even simple

////

tasks." (Id. at 27.) The ALJ did not explain why Dr. Cheng's failure to complete the function-by-function assessment provided a reason to reject this limitation, and none is apparent.

The only other reasons offered by the ALJ for rejecting Dr. Cheng's opinion were the vague and conclusory assertion that Dr. Cheng's opinion was "overly restrictive and inconsistent with the objective evidence," and that plaintiff's "activities, including traveling and working on rental property," were inconsistent with such a limitation. (Id.)

However,

> [t]o say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity . . . required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988).

Moreover, plaintiff's "working on rental property," appears to have consisted of "watching the guys" installing windows. (Tr. at 76.) In this regard, it is entirely unclear why plaintiff's ability to tolerate air travel and/or observe construction was inconsistent with Dr. Cheng's opinion that plaintiff's pain interfered with plaintiff's ability to maintain attention and concentration.

Accordingly, the ALJ failed to provide a specific and legitimate reason for rejecting Dr. Cheng's opinion.

**B.     Dr. Andrew Burt**

Plaintiff also challenges the ALJ's treatment of the opinions offered by Dr. Andrew Burt, an examining orthopedic surgeon.[4] (Pl.'s MSJ (ECF No. 17) at 11-14.) The ALJ discussed Dr. Burt's January 27, 2017 opinion at some length stating, in relevant part:

////

---

[4] The opinions of a medical specialist regarding the specialist's area of expertise "are given more weight than the opinions of a nonspecialist." Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); see also Benecke v. Barnhart, 379 F.3d 587, 594 (9th Cir. 2004) ("Each rheumatologist's opinion is given greater weight than those of the other physicians because it is an opinion of a specialist about medical issues related to his or her area of specialty.").

> On January 27, 2017, Dr. Burt stated that the claimant's height was 5'10" and his weight was 238 pounds. The claimant was using a cane for support. Range of motion of the cervical spine and the lumbar spine was limited. Dr. Burt diagnosed (1) chronic discogenic neck pain with left cervical radiculopathy, (2) electrodiagnostic evidence of cervical radiculopathy to the left C5-6 and C6-7, (3) chronic discogenic low back pain with left sciatica, and (4) herniated lumbar disc by MRI scan with annular tearing and foraminal compromise. Dr. Burt stated that the claimant qualifies for benefits under the listings of impairments and specifically listing 1.04 for spine disorders. Dr. Burt stated that the objective findings included limited range of motion of the low back with spasm in the paraspinous muscles. There was a Dupuytren's[5] contracture forming in the dominant right hand but this had not progressed to the point that there was loss of motion. Dr. Burt stated that there was a herniated disc foraminal stenosis and degenerative disc disease resulting in nerve root compromise. Dr. Burt noted that the cervical symptoms were also limiting but the claimant was able to work around his neck symptoms until he injured his low back. The Dupuytren's contracture of the dominant right hand was annoying but not disabling. Dr. Burt stated that the claimant could not return to his past job as a health and exercise facility manager because he could no longer tolerate the bending and lifting required. He said that the claimant was unable to work 8 hours a day, 5 days a week on a continuous basis and is unable to sit for 6 hours out of an eight-hour day. He said that the claimant has to lie down or recline to relieve the back and lower extremity symptoms and medications fatigue and chronic pain interfere with claimant's ability to concentrate and with short-term memory.

(Tr. at 28.)

In contrast to the length of Dr. Burt's findings and expressed limitations, the ALJ elected to afford Dr. Burt's opinion "little weight," by simply asserting that the opinion was "not consistent with the record as a whole, including MRI evidence," and that "the issue of disability is reserved to the Commissioner." However, as noted above, "[t]o say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity . . . required, even when the objective factors are listed seriatim." Embrey, 849 F.2d at 421-22.

---

[5] "Dupuytren's (du-pwe-TRANZ) contracture is a hand deformity that usually develops over years. The condition affects a layer of tissue that lies under the skin of your palm. Knots of tissue form under the skin — eventually creating a thick cord that can pull one or more fingers into a bent position. The affected fingers can't be straightened completely, which can complicate everyday activities such as placing your hands in your pockets, putting on gloves or shaking hands." https://www.mayoclinic.org/diseases-conditions/dupuytrens-contracture/symptoms-causes/syc-20371943.

7

Moreover, stating that the issue of disability is reserved to the Commissioner does not provide a basis for rejecting Dr. Burt's opinion. "'In disability benefits cases . . . physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability—the claimant's ability to perform work.'" Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)); see also Hill v. Astrue, 698 F.3d 1153, 1160 (9th Cir. 2012) ("Dr. Johnson's statement that Hill would be 'unlikely' to work full time was not a conclusory statement like those described in 20 C.F.R. § 404.1527(d)(1), but instead an assessment, based on objective medical evidence, of Hill's likelihood of being able to sustain full time employment given the many medical and mental impairments Hill faces and her inability to afford treatment for those conditions.").

The ALJ also discussed a January 9, 2017, RFC questionnaire completed by Dr. Burt in which Dr. Burt expressed that plaintiff was limited in several respects, including a need for unscheduled breaks and the ability to be absent from work three or more days per month. (Tr. at 28-29.) Again, the ALJ afforded this opinion "little weight," with a vague and conclusory reference to the opinion being "not consistent with the mild objective evidence, and the claimant's activities, including traveling and working on rental property." (Id. at 29.) These asserted reasons are the same erroneous reasons discussed above.

In this regard, the ALJ failed to provide specific and legitimate reasons for rejecting Dr. Burt's opinions. Accordingly, for the reasons stated above, the court finds that plaintiff is entitled to summary judgment on the claim that the ALJ's treatment of the medical opinion evidence constituted error.

## CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison, 759 F.3d at 1020.  Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."  Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, given Dr. Cheng's failure to complete a functional analysis, and the ALJ's unchallenged rejection of plaintiff's testimony and the lay witness testimony, the court cannot say that further administrative proceedings would serve no useful purpose.  This matter will, therefore, be remanded for further proceedings consistent with this order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 17) is granted;

2. Defendant's cross-motion for summary judgment (ECF No. 24) is denied;

3. The Commissioner's decision is reversed;

4. This matter is remanded for further proceedings consistent with this order; and

5. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

Dated:  September 7, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\sousa0779.ord